CDF LABOR LAW LLP
   Kent J. Sprinkle, State Bar No. 226971
   ksprinkle@cdflaborlaw.com
   Desiree J. Ho, State Bar No. 313250
   dho@cdflaborlaw.com
   Taylor Wendland, State Bar No. 342324
   twendland@cdflaborlaw.com
4660 La Jolla Village Drive, Suite 740
San Diego, CA 92122
Telephone: (858) 646-0007

Attorneys for Defendant
F.D. THOMAS, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANUP KUMAR, an individual, | Case No. |
|     Plaintiff, | (Removed from Sacramento Superior Court Case No. 23CV004592) |
| v. | |
| F.D. THOMAS, INC. a subsidiary of ASRC INDUSTRIAL SERVICES LLC, an Alaskan corporation registered to do business in California; and DOES 1 through 100, inclusive, | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446 and 1453** |
|     Defendants. | [Filed concurrently with Civil Cover Sheet, Corporate Disclosure Statement, Declaration of Kent J. Sprinkle, Declaration of Trina Gibson, Demand for Jury Trial] |
| | Action Filed: July 11, 2023 |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant F.D. Thomas, Inc. ("Defendant" or "FDT"), hereby remove the above-captioned action from the Superior Court of the State of California for the County of Sacramento, Case No. 23CV004592, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446 and 1453. Defendant's' Notice of Removal is based on the following:

## I. THE NOTICE OF REMOVAL IS TIMELY.

On July 11, 2023, Plaintiff Anup Kumar ("Plaintiff") filed an unverified Complaint in the Superior Court of California, County of Sacramento, entitled *Anup Kumar, an individual, v. F.D. THOMAS, INC., a subsidiary of ASRC Industrial Services LLC, an Alaskan corporation registered to do business in California; and DOES 10 through 100, inclusive,* pending as Case No. 23CV004592 (the "State Court Action"). Plaintiff's Complaint in the State Court Action asserted the following causes of action: (1) Failure to Pay Overtime; (2) Failure to Pay Wages Due; (3) Inaccurate Wage Statements; (4) Waiting Time Penalties; (5) Retaliation in Violation of Gov't Code § 12940, *et seq.*; (6) Retaliation in Violation of Gov't Code § 1102.5, *et seq.*; (7) Race Discrimination; (8) National Origin Discrimination; (9) Harassment Due to Race; (10) Hostile Work Environment in Violation of Gov't Code § 12940; (11) Intentional Infliction of Emotional Distress; (12) Negligent Infliction of Emotional Distress; (13) Negligent Hiring, Supervision, and Retention; (14) Failure to Reimburse Employees for Required Business Expenses (Cal. Labor Code § 2802); (15) Unfair Competition; and (16) Violation of the Fair Labor Standards Act ("FLSA").

On July 19, 2023, F.D. Thomas, Inc. ("FDT") was served with a copy of the Summons and Complaint through its agent for service of process. (Declaration of Kent J. Sprinkle ("Sprinkle Decl.") at ¶ 3.) True and correct copies of the Complaint and all other documents served on, filed, or received by FDT in the State Court Action to date are attached as **Exhibits A to B** the Declaration of Kent J. Sprinkle concurrently filed in support of this Notice of Removal.

This Notice of Removal is timely filed as it is filed within thirty (30) days of service upon FDT. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344

1 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

## II. THIS ACTION SATISFIES THE JURISDICTIONAL PREREQUISITES FOR REMOVAL FOR THREE REASONS.

FDT may remove the State Court Action under 28 U.S.C. section 1446(a) by providing a "short and plain statement of the grounds for removal…." FDT's removal allegations should be construed liberally. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

### A. The Court Has Diversity Jurisdiction.

Plaintiff's claims as alleged in the Complaint are removable under 28 U.S.C. section 1332(a) (diversity of citizenship). Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

#### 1. The Parties Are Diverse.

Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). The parties here are diverse because Plaintiff is a citizen of California and FDT is a citizen of Oregon.

For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend,* 559 U.S. 77, 91 (2010). Under the "nerve center" test, the principal place of business is the place where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id.* at 92-93.

Plaintiff alleges in his Complaint that he is a resident of San Joaquin County, which is located in California. (Sprinkle Decl., Ex. A (Complaint) at ¶ 1.) Thus, Plaintiff is a citizen of the State of California for purposes of diversity jurisdiction.

While Plaintiff does not specifically allege facts reflecting FDT's citizenship, "[i]n a case removed upon diversity, it will frequently be necessary for the defendant to state the facts showing citizenship since it may not appear in the complaint." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), *overruled in part on other grounds by Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009). FDT is incorporated in, and has its "nerve center", or principal place of business in, Oregon. (Declaration of Trina Gibson ("Gibson Decl.") at ¶ 3.)

Plaintiff has not yet identified any of the fictitious "Doe" defendants identified in the Complaint and the citizenship of "Doe" defendants is disregarded for the purposes of removal. 28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987).

Because Plaintiff alleges that he is a citizen of California, and FDT is a citizen of a foreign state, this action meets the jurisdictional requirement under 28 U.S.C. section 1332(a).

### 2. The Amount-in-Controversy Requirement is Satisfied.

Plaintiff alleges the amount in controversy exceeds the $75,000 jurisdictional prerequisite of 28 U.S.C. section 1332(a). Plaintiff seeks an award of general damages "in an amount of not less than $1,000,000.00" as well as relief in the form of penalties, attorney's fees, and more. (Sprinkle Decl., Ex. A (Complaint) at pp. 21-23 (Prayer for Relief) ¶¶ 1-20.) In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008).

## B. This Court Has Original Jurisdiction Under the CBA.

This Court has original jurisdiction under 28 U.S.C. section 1331, and this case may be removed pursuant to 28 U.S.C. section 1441, because this civil action presents a federal question.

### 1. Plaintiff's State Law Claims Are Preempted by Section 301 of the LMRA.

Plaintiff's claims are completely preempted by federal law under the Labor Management Relations Act ("LMRA") because they require interpretation of a collective bargaining agreement ("CBA"). 29 U.S.C. § 185. Under Section 301 of the LMRA, "[s]uits for violation of contracts

between an employer and a labor organization representing employees in an industry affecting commerce…may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a); *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

To ensure uniform interpretation and enforcement of the CBAs, all state law claims that require interpretation of a term of an applicable CBA are preempted by and must be brought pursuant to Section 301.  *See Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 406-07 (1988); *see also Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985).  "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement…and any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) (citations omitted).  *See Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (stating that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").  Thus, Section 301 preempts California state law claims that are substantially dependent upon interpretation of a CBA.  *Firestone*, 219 F.3d at 1065; *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019) ("…a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court.")

**2.      Plaintiff's Employment Was Governed by a CBA.**

FDT employed Plaintiff, effective December 28, 2016, and his last day worked with FDT was approximately July 10, 2020.  (Gibson Decl. at ¶ 4).  Plaintiff was employed by FDT as a Roofer and Waterproofer.  (*Id.*)  The terms and conditions of Plaintiff's employment as a Roofer and Waterproofer were governed by a CBA between Local No. 81 of the United Union of Roofers, Waterproofers, and Allied Workers, AFL-CIO ("Union") and Associated Roofing Contractors of the Bay Area Counties, Inc.  (*Id.* at ¶ 6.)  A true and correct copy of the CBA is attached as **Exhibit 1** to the Gibson Declaration and incorporated herein by reference.

The Union is a labor organization within the meaning of Section 2(5) of the NLRA and

301(a) of the LMRA.  29 U.S.C. §§ 152(5) and 185(a).  FDT is an employer within the meaning of the LMRA.  29 U.S.C. § 152(2).

Article III of the CBA specifically states that the Union is the sole and exclusive bargaining representative of the employees covered by the CBA.  (*Id*., Ex. 1.)  The CBA covers the employment conditions at issue in Plaintiff's Complaint.  (*Id*.)

**3.  Plaintiff's Failure to Reference the CBA or Section 301 of the LMRA in the Complaint Does Not Preclude Removal.**

The Complaint does not allege that Plaintiff was a Union member or that his employment was subject to a CBA.  However, a plaintiff may not be permitted to "artfully plead" a complaint to conceal its true nature.  *Young v. Anthony's Fish Grottos, Inc*., 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claims were preempted even though operative complaint did not mention a CBA); *Schroeder,* 702 F.2d at 191.

Accordingly, the fact that Plaintiff has not made specific reference to Section 301 in his Complaint does not preclude removal.  *See Milne Emp. Ass'n v. Sun Carriers, In*c., 960 F.2d 1401, 1406 (9th Cir. 1991).  The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301.  *See Lippitt v. Raymond James Fin. Servs., Inc*., 340 F.3d 1033, 1041 (9th Cir. 2003).  Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

The Court cannot simply look to state law to resolve Plaintiff's artfully pled claims for breach of a CBA.  Plaintiff's claims cannot be adjudicated without interpretation of the numerous

CBA provisions that governed Plaintiff's employment.  Any disputes concerning the interpretation or application of the CBA are required to be resolved under the CBA's grievance and arbitration process.  (*Id.*, Ex. 1.)  Resolving Plaintiff's claims will require the Court to interpret the terms of the CBA.

As an example, Plaintiff's state law claim based on FDT's alleged failure to pay overtime wages under Labor Code section 510 is preempted by Section 301 of the LMRA because the claim requires the Court to analyze and interpret the CBA's overtime provisions.  Cal. Lab. Code § 510 ("Any work in excess of 8 hours in one workday . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.")  *But see* Cal. Lab. Code § 514 ("Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.")  *See Curtis*, 913 F.3d 1146, 1155 (9th Cir. 2019) ("By its terms, therefore, the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA.  If Curtis's CBAs in this case meet the requirements of section 514, Curtis's right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301.") (citations omitted).  *See also Vranish v. Exxon Mobil Corp*., 223 Cal.App.4th 103, 110 (2014) (finding the CBA at issue fell squarely within Labor Code § 514's terms, and "[n]othing in section 514 require[d]" the employer "to look to the definition of 'overtime' as that word is defined in section 510, subdivision (a)").

Because Plaintiff alleges violations of the CBA, the Court will necessarily have to interpret its grievance and arbitration provisions.  (*See* Gibson Decl., Ex. 1, Art. XXX.)  Specifically, the Court must determine whether Plaintiff was first required to exhaust the grievance procedures, whether he did in fact exhaust those procedures, and whether he agreed to arbitrate all or some of his claims.  Each of these questions is reserved for federal courts pursuant to the LMRA.  Indeed, Section 301 preemption aims to promote extra-judicial dispute resolution pursuant to the parties' agreed form of dispute resolution.  *Curtis*, 913 F.3d at 1152 (observing "the labor arbitrator is

usually the appropriate adjudicator for CBA disputes" and that "grievance and arbitration procedures provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process") (internal citations and quotations omitted).

Plaintiff's claims are substantially dependent upon the interpretation of the terms of the CBA. Those terms govern all of the conduct which form the basis for Plaintiff's Complaint and are thus essential to the resolution of Plaintiff's claims. The underlying Labor Code violations arise under Section 301 of the LMRA such that this action should be removed to federal court.

## C. The Court Has Original Jurisdiction Under the FLSA.

This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to 28 U.S.C. § 1441, because it is a civil action that presents a federal question.

### 1. Plaintiff's FLSA Claim Presents a Federal Question.

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one which may be removed by this Court by Defendant pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action arising under the laws of the United States because Plaintiff alleges that Defendant failed to pay Plaintiff applicable overtime wages for all overtime hours worked in violation of the FLSA. 29 U.S.C. § 207. (Sprinkle Decl., Ex. A (Complaint) at ¶ 133.) Because Plaintiff alleges that Defendant's conduct violated his rights under the FLSA, a federal statute, this Court has original jurisdiction over this action. *See* 28 U.S.C. § 1331 ("district courts have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States.")

### 2. The Court Has Supplemental Jurisdiction Over the State Law Claims.

Plaintiff alleges five claims against Defendant for violations of wage and hour statutes. Plaintiff's alleged claims arise from the same case or controversy. (Sprinkle Decl., Ex. A (Complaint).) The Court has supplemental jurisdiction over the state law claims. 28 U.S.C. §§ 1367(a), 1441(c). Because Plaintiff's state law claims are joined with claims arising under federal question jurisdiction, this entire action may be removed under 28 U.S.C. section 1441(c) on the basis of federal question jurisdiction alone due to the fact this Court has original jurisdiction over

Plaintiff's FLSA claims under 28 U.S.C. section 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. section 1367.

### III. VENUE

Venue lies in this Court pursuant to 28 U.S.C. sections 1441 and 1446(a). This action originally was brought in the Superior Court of the State of California, County of Sacramento.

### IV. NOTICE OF REMOVAL

In accordance with 28 U.S.C. section 1446(d), FDT will promptly give written notice to Plaintiff of the filing of this Notice of Removal, and will file a copy of the Notice with the clerk of the Superior Court of the State of California, County of Sacramento.

This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

As required by 28 U.S.C. section 1446(a), FDT provides this Court with copies of all process, pleadings, and orders served on FDT in this action. True and correct copies of these documents are attached as Exhibits A and B to the Sprinkle Declaration filed in support of this Notice of Removal. (Sprinkle Decl., Exs. A-B.) FDT has not been served with any other pleadings, process, or orders. (*Id*.)

Finally, in the event this Court has any questions regarding the propriety of this Notice of Removal, FDT requests that the Court issue an Order to Show Cause so that FDT may have an opportunity to more fully brief the basis for this removal.

### PRAYER FOR REMOVAL

WHEREFORE, FDT prays that this civil action be removed from the Superior Court of the State of California, County of Sacramento to the United States District Court for the Eastern District of California.

| | |
|---|---|
| Dated: August 17, 2023 | CDF LABOR LAW LLP |

By: _____
Kent J. Sprinkle
Desiree J. Ho
Taylor Wendland
Attorneys for Defendant
F.D. THOMAS, INC.